# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED WITH THE CELLULAR<br>DEVICE ASSIGNED CALL NUMBER (405) 979-0552 IN THE<br>CUSTODY OR CONTROL OF T-MOBILE WIRELESS | )<br>)<br>)<br>)  Case No.  M-24-560   -STE<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

located in the _____Western_____ District of _____Oklahoma_____ , there is now concealed *(identify the person or describe the property to be seized)*:

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| | Failure to Report for Supervised Release |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Bryan Trulson, Deputy U.S. Marshal Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   **Jul 12, 2024**

_____
*Judge's signature*

City and state:  Oklahoma City, Oklahoma

SHON T. ERWIN, U.S. MAGISTRATE JUDGE
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER (405) 979-0552 IN THE CUSTODY OR CONTROL OF T-MOBILE WIRELESS | No. M-24-561 -STE<br><br>Filed Under Seal |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Bryan Trulson, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number **(405) 979-0552** (the "**Subject Account**") that is stored at premises controlled by **T-MOBILE**, a wireless telephone service provider headquartered at **4 Sylvan Way, Parsippany, New Jersey 07054**.  The information to be searched is described in the following paragraphs and in **Attachment A**.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require **T-MOBILE** to disclose to the government copies of the information further described in Section I of **Attachment B**.  Upon receipt of the information described in Section I of **Attachment B**, government-authorized persons will review the information to locate items described in Section II of **Attachment B**.

2.      I am a Deputy with the United States Marshals Service.  I have been a Deputy with the United States Marshals since 2015.  Prior to my employment with the U.S. Marshals Service, I was a Special Agent with the United States Air Force, Office of Special Investigations and completed my training at the Federal Law Enforcement Center, Glynco, GA in 2007.  I have conducted and am responsible for numerous fugitive investigations involving electronic surveillance conducted by the U.S. Marshals Service for the Western District of Oklahoma, including but not limited to location-based information from cell phone providers.  Telephone location information helps law enforcement determine where a particular person (or at least their cell phone) was at a particular time—highly useful information in corroborating other aspects of the investigation.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from records, other law enforcement agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on the facts set forth in this affidavit, there is probable cause to believe that Shomoy Rateem Retter (DOB: XX-XX-1994) ("**RETTER**"), who uses the **Subject Account**, is currently a fugitive from justice.  There is also probable cause to search the information described in **Attachment A** for evidence of this crime as further described in **Attachment B**.

2

## PROBABLE CAUSE

5.      The United States Marshals Service, Western District of Oklahoma, Oklahoma City is conducting a fugitive investigation into **RETTER**'s whereabouts.

6.      On April 23, 2021, **RETTER** was sentenced by the Honorable Joe Heaton to 54 months incarceration on each of two counts of Felon in Possession of a Firearm. (20-CR-238-HE).

7.      Prior to being released from custody by the Bureau of Prisons (BOP) **RETTER** was placed in home confinement at a family member's residence in Oklahoma City, Oklahoma.  On April 1, 2024, **RETTER** left home confinement without permission and was placed in escape status by BOP.  BOP staff attempted to contact **RETTER** on the number he had provided them as his personal cell phone (405) 979-0552.

8.      On April 3, 2024, an arrest warrant was issued for **RETTER** pursuant to a federal Complaint (MJ-24-279-SM) alleging one count of Escape from Custody.

9.      On April 16, 2024, **RETTER** was arrested – and ultimately returned to BOP custody – by members of the USMS, Western Oklahoma, Metro Fugitive Task Force, in Oklahoma City, Oklahoma.  During this fugitive investigation, USMS members spoke with family members of **RETTER**, who stated **RETTER's** cell phone number was (405) 979-0552.

10.     **RETTER** was released from BOP on May 16, 2024, and placed under the supervision of the United States Probation Office, Western District of Oklahoma,

Oklahoma City.  The phone number **RETTER** provided his probation officer was (405) 979-0552, and the probation officer has communicated with **RETTER** via that number.

11.     On June 6, 2024, the District Court for the Western District of Oklahoma, Oklahoma City, issued an arrest warrant for **RETTER** for violating the terms of his supervised release.

12.     The telephone number (405) 979-0552 was also found to be associated with a CashApp account under the name "Shomoy Retter" which displayed a photo of **RETTER**.  (See below.)



4

13.    **RETTER**'s location is currently unknown.

14.    In my training and experience, I have learned **T-MOBILE** is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records."  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be ten or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.  Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

15.    Based on my training and experience, I know that **T-MOBILE** can collect cell-site data about the **SUBJECT PHONE**.  I also know that wireless providers such as **T-MOBILE** typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

5

16.     Based on my training and experience, I know that wireless providers such as **T-MOBILE** typically collect and retain information about their subscribers in their normal course of business.  This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service.  I also know that wireless providers such as **T-MOBILE** typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business.  In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the **Subject Account's** user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

17.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

18.     I further request that the Court direct **T-MOBILE** to disclose to the government any information described in Section I of **Attachment B** that is within its possession, custody, or control.  Because the warrant will be served on **T-MOBILE**, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

19.    I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

Bryan Trulson
Deputy Marshal
United States Marshals Service

Subscribed and sworn to before me on July 12, 2024.

SHON T. ERWIN
United States Magistrate Judge
Western District of Oklahoma

7

**ATTACHMENT A**
**Property to Be Searched**

1.    The cellular telephone assigned call number **405-979-0552** (the "**Subject Account**") whose wireless service provider is **T-MOBILE**, a business with its headquarters located at 4 Sylvan Way, Parsippany, New Jersey 07054.

2.    Records and information associated with the **Subject Account** that is within the possession, custody, or control of T-Mobile.

## ATTACHMENT B

## Particular Things to Be Seized

**I.    Information to be Disclosed by the Provider**

To the extent that the information described in **Attachment A** is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the **Subject Account** listed in **Attachment A**:

a.    The following information about the customers or subscribers associated with the **Subject Account** for the time period June 21, 2022, to the present:

    i.    Names (including subscriber names, user names, and screen names);

    ii.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

    iii.    Local and long-distance telephone connection records;

    iv.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

    v.    Length of service (including start date) and types of service utilized;

    vi.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii.   Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records;

ix.   All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the **Subject Account**, including:

    1.   the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

    2.   information regarding the cell tower and antenna face (also known as "sectors" through which the communication were sent and received; and

    3.   RTT records, PCMD records, NELOS records, TrueCall records, and all other records containing timing advance measurements and distance-to-tower measurements for all technologies (CDMA, GSM, UMTS, LTE, etc.).

b.   The following information about the customers or subscribers associated with the **Subject Account** for a period of 45 days from the issuance of the warrant, including:

i.   Names (including subscriber names, user names, and screen names);

ii.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

iii.   Local and long-distance telephone connection records;

iv.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

v.   Length of service (including start date) and types of service utilized;

     vi.     Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

     vii.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

     viii.   Means and source of payment for such service (including any credit card or bank account number) and billing records.

   c.    Information associated with each communication to and from the **Subject Account** for a period of 45 days from the issuance of the warrant, including:

     i.     Pen Register / Trap and Trace device with prospective cell site information or data about which "cell towers" were used;

     ii.    E-911 Phase II data;

     iii.   GPS data to include cell tower sector information;

     iv.   Latitude-longitude data; and

     v.    RTT records, PCMD records, NELOS records, TrueCall records, and all other records containing timing advance measurements and distance-to-tower measurements for all technologies (CDMA, GSM, UMTS, LTE, etc.).

## II.   Information to Be Seized by the Government

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts

under government control) are authorized to review the records produced by T-Mobile in order to locate the things particularly described in this Warrant.